IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

STANLEY GREEN,                          )
                                        )
    Plaintiff,                          )           CIVIL ACTION FILE NO.:
                                        )
v.                                      )           5:20CV00195-MTT
                                        )
YOUNG MI DREADEN, *et al.*              )
                                        )
    Defendants.                         )

**GEORGIA DEPARTMENT OF CORRECTIONS'
BRIEF IN SUPPORT OF MOTION TO QUASH
AND FOR PROTECTIVE ORDER**

COMES NOW the Georgia Department of Corrections, non-party to this action ("Movant"), by and through Counsel Christopher M. Carr, Attorney General for the State of Georgia, and hereby moves the Court to quash Plaintiff's subpoena for deposition and documents and enter a protective order. A brief in support of this motion is attached. All exhibits referenced below are attached after the brief.

**STATEMENT OF CASE**

Plaintiff served a subpoena upon Movant on November 18, 2022, seeking both to take the deposition of an agent of the Georgia Department Corrections ("GDC") pursuant to FED. R. CIV. P. 30(b)(6) on twenty-nine subjects and to obtain nine categories of documents from Movant. *See* Exhibit 1. The deposition date reflected on the subpoena was November 18, however, the email to counsel accompanying the subpoena suggested a December 13 date for the deposition. The parties and movant subsequently agreed to a deposition date of January 5, 2023. *See* Exhibit 2. On December 2, 2022, movant served Plaintiff with Objections to numerous 30(b)(6) topics and the request for documents. *See* Exhibit 3. On December 12, Plaintiff served a revised subpoena

reflecting the January 5th deposition date.[1]  The topics in the December 12  subpoena are identical to the November 18 topics with one exception, Plaintiff *added* one additional topic.  *See* Exhibit 5, topic 30.

Prior to Plaintiff issuing the November 18th subpoena, counsel for Plaintiff forwarded a "draft" subpoena with 30(b)(6) topics to GDC's counsel.[2]  *See* Exhibit 6.  On November 4th counsel discussed the draft topics in detail. During the course of that discussion, GDC's counsel objected to the lack of specificity of the topics as well as the burdensomeness of those topics. Following that call, Plaintiff's counsel sent a revised "draft" on November 9 and indicated that he wanted to serve the subpoena two days later.  Rather than conferring a second time, the undersigned counsel suggested Plaintiff serve the subpoena and, after receipt of same, counsel for GDC would serve written objections, and counsel could then confer again.  On November 18th Plaintiff served a subpoena via email.  As noted above, GDC's objections were served on December 2nd.  On December 5th the undersigned inquired whether Plaintiff would amend the deposition topics or whether Plaintiff's counsel wished to discuss GDC's continued objections. *See* Exhibit 7.  On December 8th GDC's counsel noted in another email that there had been no response to the December 5th inquiry on amending the 30(b)(6) topics or discussing the objections further. *See* Exhibit 8.  Finally, between December 12 and December 16 counsel had several email exchanges about GDC's objections to the subpoena.  *See* Exhibit 9.

As counsel have been unable to resolve this dispute, and there is a need for clarity as to the permissible 30(b)(6) topics prior to the scheduled January 5, 2023, deposition, GDC now moves this Court to quash the subpoena and issue a protective order.

---

[1] While the subpoena and certificate of service are dated December 7, 2022, the subpoena was served on December 12, 2022.  *See* Exhibit 4.

[2] The draft 30(b)(6) topics were initially sent to counsel for Defendants.

Pursuant to Local Rule 37, the undersigned counsel hereby certifies that she has in good faith attempted to confer with Plaintiff's counsel in an effort to resolve this matter without court action.

Respectfully submitted,

CHRISTOPHER M. CARR                    112505
Attorney General

BETH BURTON                                      027500
Deputy Attorney General

TINA M. PIPER                                       142469
Sr. Assistant Attorney General

ELIZABETH M. CROWDER                  100809
Sr. Assistant Attorney General

/s/Cristina M. Correia
CRISTINA M. CORREIA                        188620
Sr. Assistant Attorney General

Please send all correspondence to:

CRISTINA M. CORREIA
Senior Assistant Attorney General
40 Capitol Square, S.W.
Atlanta, Georgia  30334-1300
Direct line: (404) 458-3535
Email: ccorreia@law.ga.gov

4

## **CERTIFICATE OF SERVICE**

I do hereby certify that I have this day served counsel of record by electronic transmission addressed to the following:

Mario Williams            mwilliams@ndh-law.com

                          mwilliams@hdrattorneys.com

                          mario@goodgeorgialawyer.com

Heather H. Miller         hmiller@mmbblaw.com

Trisha Godsey         tgodsey@mmbblaw.com

Rodney Atreopersaud ratreopersaud@law.ga.gov


This 16th day of December 2022.


                          /s/ Cristina M. Correia
                          Senior Assistant Attorney General