AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Middle District of Georgia    ▼

| | | |
|---|---|---|
| STANLEY GREEN | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No.  5:20-CV-00195 |
| YOUNG MI DREADEN, et al | ) | |
| | ) | |
| _Defendant_ | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                              Georgia Department of Corrections
       c/o Christina Correia, Esq., Georgia Department of Law, 40 Capitol Square SW, Atlanta, GA 30334
                         _(Name of person to whom this subpoena is directed)_

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:   See attached Notice, "Exhibit 1"

| Place: Georgia Department of Law<br>40 Capitol Sq SW,<br>Atlanta, GA<br>and via Zoom; links will be forwarded prior to deposition | Date and Time:<br>11/18/2022 2:17 pm |
|---|---|

The deposition will be recorded by this method:  stenography, video, audio

☑ _Production:_ You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See attached Notice, "Exhibit 1"

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     11/18/2022

                    CLERK OF COURT
                                                          OR

_____                    _____
  _Signature of Clerk or Deputy Clerk_                        _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_     Stanley Green
                                                          , who issues or requests this subpoena, are:
Mario Williams, Esq; HDR, LLC, 44 Broad St NW, Suite 200, Atlanta, GA 30303; Tel: 404-254-0442
mwilliams@hdrattorneys.com, tbuettner@hdrattorneys.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT 1**
Blumberg No. 5119

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 5:20-CV-00195

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Exhibit 1**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| **STANLEY GREEN,** | |
| *Plaintiff,* | |
| v. | **Civil Action No.** |
| | 5:20-cv-00195-MTT |
| **YOUNG MI DREADEN,** et al. | |
| *Defendants.* | |
| | **JURY TRIAL DEMANDED** |

**PLAINTIFF'S NOTICE OF 30(B)(6) DEPOSITION OF PERSONS**
**DESIGNATED BY GEORGIA DEPARTMENT OF CORRECTIONS**

YOU ARE HEREBY NOTIFIED that on **Tuesday, December 13, 2022,** beginning **at 10 AM**, at the location of 40 Capitol Square SW, Atlanta, GA 30303, **AND remotely**, counsel for Plaintiff Stanley Green will proceed to take the deposition of those persons designated to bind Georgia Department of Corrections to the testimony given in response to the subject matter of this notice, pursuant to Federal Rules of Civil Procedure Rule 30. Accordingly, this places Georgia Department of Corrections on notice of its duty to designate and produce persons able to competently testify about the subject matters below.

Pursuant to Fed. R. Civ. P. 30(b)(3)(A), said deposition will be recorded by stenographic means, audio recorded and videotaped. Counsel will also audio record this deposition, using its own audio recorder. Pursuant to Fed. R. Civ. P. 30(b)(4), said deposition will be taken before a certified court reporter or other officer duly authorized by law to administer oaths This deposition will be taken upon oral examination for the purpose of discovery, for use at trial, and for all purposes permitted under the applicable and governing rules of Federal Rules of Civil Procedure. Said deposition will continue from day to day until it has been completed.

Plaintiff specifically requests that [Georgia Diagnostic and Classification Prison] designate one or more officer, directors, managing agents, or other persons who consent to testify, under oath, on behalf of the [Georgia Diagnostic and Classification Prison], with respect to the below topics, which are designated with reasonable particularly:

### GENERAL APPLICATION TO ALL TOPIC AREAS

To the extent that each topic area contemplates or is governed by a policy, procedure, order, and so forth, the designees must be able to identify all governing policies, procedures, orders, and so forth. For each question we will ask whether these governing documents (policies, procedures, orders, and so forth) exist for the topic area. Also, to the extent that a document contains a term that is not defined

by the documents, then the designee must testify to the definition of the term as contemplated by the policy, procedure, order, and so forth. We say this to avoid semantic games such as "depends on what you mean by integrate"; we want someone, for example, to provide binding testimony on what integrate means.

1. Dr. Burnside's medical chart regarding Stanley Green, including the ability to locate this medical chart and discuss it. Dr. Burnside

2. specifically testified to the existence of this medical chart and described it, and thus an investigation into this matter would start first with Burnside himself. (See Burnside Dep. p. ;

3. The frequency that Defendant doctors met to discuss prisoners, including Stanley Green, who were enrolled in the Chronic Illness Clinic Program. Be prepared to discuss each date that each doctor met with Stanley Green. Time frame is from March 21, 2018 through June 16, 2018;

4. The date that Stanley Green was enrolled in the Chronic Illness Clinic Program at Georgia Diagnostic and Classification Prison during his imprisonment between March 2018 and June 30, 2018;

5. All dates that Stanley Green visited a vascular surgeon, including the location of the visit and the doctor's name;

6. All documents, including the appointment calendar for Dr. Hale Burnside, which demonstrate that Stanley Green had an appointment

with Dr. Hale Burnside, and the reason for the appointment. The time frame is from June 5, 2018 through June 7, 2018;

7. The number of diabetics who were sent to an emergency room from GDCP, for any reason, and the exact reasons documented for sending said diabetic to the emergency room The time period of this is from January 1, 2015 through December 31, 2018. The topic is limited to Diabetics who were (1) housed at GDCP and (2) were enrolled in the Chronic Illness Care Program.;

8. The number of inmates who suffered amputations while being housed at GDCP. The time period of this is from January 1, 2015 through December 31, 2018;

9. The number of times an Erythrocyte Sedimentation Rate test (ESR) was ordered and received by an inmate, prior to that inmate suffering from an amputation while being housed at GDCP. To be clear, we want to know (1) all inmates who suffered from an amputation while being used at GDCP, and (2) whether an ESR was ordered ever prior to said amputation. The time period of this is from January 1, 2015 through December 31, 2018, including the redacted documentation which demonstrates this;

10. The number of times a C-Reactive Protein Test (CRP) was ordered and

received by an inmate, prior to that inmate suffering from an amputation while being housed at GDCP. To be clear, we want to know (1) all inmates who suffered from an amputation while being used at GDCP, and (2) whether a CRP was ordered ever prior to said amputation. The time period of this is from January 1, 2015 through December 31, 2018, including the redacted documentation which demonstrates this;

11. The number of times intravenous antibiotics was ordered and received by an inmate, prior to that inmate suffering from an amputation while being housed at GDCP. To be clear, we want to know (1) all inmates who suffered from an amputation while being used at GDCP, and (2) whether intravenous antibiotics were ordered and received ever prior to said amputation. The time period of this is from January 1, 2013 through December 31, 2018, including the redacted documentation which demonstrates this;

12. All local orders regarding diabetic patient care for inmates such as Stanley Green who also were participating in the Chronic Illness Program. We will discuss the title, effective, date, and substance of each local order with respect to discretionary and non-discretionary duties within each local order. The time period is between March 1, 2018 and June 21, 2018;

13. All local orders pertaining to emergency medical treatment of inmates at GDCP, which were in effect between March 1, 2018 and June 21, 2018—including local orders which supplemented GDC SOP VH30-0004 (507.04.28): Chronic Care Procedures and Protocols; GDC SOP VH03-0005: Patient Tracking Systems; GDC SOP VH30-0006: Direct Orders; GDC SOP VH30-0008: Transcription of Medical Orders; GDC SOP 507.02.01: Health Record Management, Format and Contents; GDC SOP 507.02.03: Transfer and Retention of Health Records; GDC SOP VH31-0001: Urgent/Emergent Care Services; GDC SOP VH31-0005: Evaluation Services for Urgent or Emergent Health Care Requests. We will discuss whether these local rules exist and if they do, we will discuss the discretionary and non discretionary duties found in each local order, along with discussing effective dates of each local order.

14. All written reprimands each Defendant received during their employment with GDCP, including the date and reason and the outcome. Time frame is January 1, 2013 through December 31, 2018;

15. All adverse actions taken or proposed or against each Defendant, including the date and reason and outcome. Time frame is January 1, 2013 through December 31, 2018;

16. Confirm that each Defendant signed an acknowledgement form

regarding each of the following: the GDC Employee Standards of Conduct; GDC SOP VH31-0001: Urgent/Emergent Care Services; GDC SOP VH31-0005: Evaluation Services for Urgent or Emergent Health Care Requests; Chronic Care Procedures and Protocols; GDC SOP VH03-0005;

17. All positive drug test results for each Defendant;

18. All performance reviews for every Defendant;

19. Discuss the relationship between Georgia Medical College and the Georgia Department of Corrections, including whether GDOC standard operating procedures apply to employees of Georgia Medical College; who pays the Defendants; who has the ability to terminate the Defendants employment; do these Defendants have a contract with the GDOC; the contractual relationship between the GDOC and GMC, in terms of who carries the obligation to ensure proper medical care and who is liable for money damages awards;

20. All medical charts of Defendant Fogam, Burnside, Dreaden and Fowlkes regarding Stanley Green;

21. All physician orders for X-rays regarding Stanley green. Time period March 1, 2018 through June 20, 2018;

22. Discuss the content and meaning of all policies that govern medical

staff's requirement to physically visit inmates in relation to Stanley Green. Be prepared to discuss how often medical staff visited Stanley Green for physical health purposes and point to all documentation. The time period of this is from March 1, 2018 through December 31, 2018;

23. All policies and procedures that required the defendants to review Stanley Green's medical record as a participant in the CIC Program, including the dates that his medical record (s) were reviewed and by whom;

24. Identify every offsite medical-professional visit undertaken by Stanley Green during his time of being housed at GDCP and be able to state the dates in which he went off site to visit a physical health professional, including all visits to off-site facilities for his foot The time period of this is from March 1, 2018 through December 31, 2018;

25. All emails between jail staff and medical staff regarding Stanley Green's medical history and treatment, including the date, time, and content of those communications. Be prepared to offer binding testimony on the manner in which these communications were documented and the location of these communications. The time period of this is from March 1, 2018, through December 31, 2018;

26. The full name of the unit manager, including unit manager "Denny" (see

paragraph 83 of enclosed complaint" who was on duty June 5-7, 2018, and was charged with managing the housing unit of Mr. Green on those dates;

27. The complete movement history and reason for move regarding Mr. Green, including his movement history and reason for move from June 5-7, 2018. Be able to point to all documents that show this movement history and reason thereof;

28. Discuss the criteria that must be met prior to referring Stanley green for a subspecialty consultation, diagnostic test, or therapeutic intervention. The time period is March 1, 2018 through June 20, 2018;

29. The name and rank (e.g., unit manager) of the person who ordered Mr. Green to the medical unit, and the reason that said person ordered Mr. Green to the medical unit. The time period for this is between June 5, 2018 and June 7, 2018. Be able to identify all documents that support the answers to this question including movement logs.

I.    **REQUEST TO PRODUCE**

- All Defendant positive drug test results

- All Defendant performance reviews

- All physician and nursing protocols and manuals effective at GDCP between March 1, 2018 and June 28, 2018, including said manual and

protocols which address the treatment of diabetes

- GDC Clinical Update 02.05: Cost Effective Laboratory and Clinical Practices – September 6, 2002

- All Direct Orders policies and procedures, regarding treatment orders, including those originating from the Health Services Division, that were in effect from March 1, 2018 through June 28, 2018;

- All polices and procedures regarding referrals outside of healthcare services that were in effect from March 1, 2018 through June 28, 2018

- All documents which demonstrate the dates upon which meetings were scheduled between Dr. Fowlkes and/or Dr. Fogam and Dr. Burnside and all documents which demonstrate the discussion that occurred in those meeting, such a meeting minutes. The time frame is March 1, 2018 and June 20, 2018;

- All sick calls made by Green from March 1, 2018 through June 20, 2018

- All local orders, polices, procedures, and protocols regarding Urgent/Emergent Care Services; GDC SOP VH31-0005: Evaluation Services for Urgent or Emergent Health Care Requests; Chronic Care Procedures and Protocols; GDC SOP VH03-0005 that were in effect during the time period of March 1, 2018 through June 20, 2018.

## NOTICE REGARDING PREPARATION OF WITNESS(ES) DESIGNATED TO TESTIFY UNDER FED. R. CIV. P. 30(b)(6)

In response to this deposition notice pursuant to Rule 30(b)(6), which reasonably particularizes the topics of examination, the responding party has a duty "to make a conscientious, good-faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions and to prepare them to fully and unevasively answer questions about the designated subject matter." Starlight Int'l Inc. v. Herlihy, 186 F.R.D. 626, 639 (D. Kan. 1999). "Not only must the organization designate a witness, but it is responsible also to prepare the witness to answer questions on the topics identified and present the organization's knowledge on those topics." Wright, Miller & Marcus, 8A FED. PRACTICE & PROCEDURE CIV. 2d § 2103. The 30(b)(6) deponent must not only testify about facts within the organization's knowledge, "but also its subjective beliefs and opinions [to] provide its interpretation of documents and events." United States v. Taylor, 16 6 F.R.D. 3 6 5, 3 61 (M.D.N.C. 1996). See also Otero v. Vito, 2006 WL 3535149 (M.D. Ga. Dec. 7, 2006); Dravo Corp. v. Liberty Mut. Ins. Co., 164

F.R.D. 70-75 (D. Neb. 1995). Under, Rule 30(b)(6) [I]f the persons designated by the corporation do not possess personal knowledge of the matters set out in the deposition notice, the corporation is obligated to prepare the designees so that they may give knowledgeable and binding answers for the corporation. Thus, the duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which that designee was personally involved. DHL Express (USA), Inc. v. Express Save Industries Inc., 2009 U.S. Dist. LEXIS 102981, 2009 WL 3418148 (S.D. Fla. Oct. 1 9, 2009) (internal quotations and citations omitted). EEOC v. Winn- Dixie, Inc., 2010 U.S. Dist. LEXIS 53005 (S.D. Ala. May 28, 2010). "The party responding to a 30(b) (6) deposition notice 'must prepare deponents by having them review prior fact witness deposition testimony as well as documents and depositions, exhibits.'" Calzaturficio S.C.A.R. P.A. S.P.A. v. Fabiano Shoe Co., 201 F.R.D. 33, 37 (D. Mass. 2001) (quoting Prokosch v. Catalina Lighting, Inc., 193 F.R.D. 633, 639 (D. Minn. 2000)), quoted in Chick-Fil-A v. ExxonMobil Corp., 2009 U.S. Dist. LEXIS 109 588 (S.D. Fla. Nov. 10, 2009)). "The burden upon the responding party, to prepare a knowledgeable Rule 30(b)(6) witness, may be an onerous one, but we are not aware of any less onerous means of assuring that the position of a corporation that is involved in litigation, can be fully and fairly explored." Prokosch, 193 F.R.D. at 638. The corporation and its counsel have a duty to

prepare the witness so that he or she is able to give "complete, knowledgeable and binding answers on behalf of the corporation. "Continental Cas. Co. v. Compass Bank, 2006 U.S. Dis t. LEXIS 12288, 2006 WL533510 * 18 (S.D. Ala. March 3, 2006) (citing, Marker v. Union Fidelity Life Ins. Co.,125 F.R.D. 121, 126 (M.D.N.C. 1989)). The person being deposed is required to testify about the knowledge of the corporation as an entity and not his or her own knowledge. Id. An individual identified as a Rule 30(b)(6) witness may be calledon to answer questions known to the corporation but not to himself personally. The duty to prepare the Rule 30(b)(6) witness properly attaches to the deponent corporation. Calzaturficio, Inc., 201 F.R.D. at 37; Provide Commerce, Inc. v. Preferred Commerce, Inc., 2008 U.S. Dist. LEXIS 9563, 6-7 (S.D. Fla. Feb. 7, 2008). "Producing an unprepared witness is tantamount to a failure to appear at a deposition." Starlight Int'l Inc. v. Herlihy, 186 F.R.D. 626, 639 (D. Kan. 1999). See, e.g., Black Horse Lane Assoc., L.P. v. Dow Chem. Corp., 228 F.3d 275, 304 (3d Cir. 2000) ("[i]n reality if a Rule 30(b)(6) witness is unable to give useful information he is no more present for the deposition than would be a deponent who physically appears for the deposition but sleeps through it.") In response to Rule 30(b)(6) deposition notices, parties are required "to have persons testify on its behalf as to all matters known or reasonably available to it and, therefore implicitly require such persons to re-view all matters known or reasonably

available to it in preparation for the Rule 30 (b)(6) deposition." <u>Taylor</u>, 166 F.R.D. at 362. The 30(b) (6) deposition requires a party to present a properly prepared witness whose testimony is binding on the corporation. E.g., <u>Calzaturficio</u>, 201 F.R.D. at 37. The organization has an affirmative duty to prepare the designated deponents, so they can *give full, complete, and non-evasive answers* to questions posed regarding the relevant subject matter. 7 MOORE'S FEDERAL PRACTICE, § 30.25(3) at 30-68 (emphasis added) (hereinafter "Moore's"). <u>See</u> <u>Prokosch</u>, 193 F.R.D. at 638 (D. Minn. 2000). A party is free to designate anyone who consents to testify on its behalf, so long as the designated witness is prepared to testify on behalf of that party as to the matters upon which examination is requested in the notice. <u>Moore's</u> § 30.25(3) at 30-68.

The duties imposed by Rule 30(b)(6), therefore, are: (1) the deponent must be knowledgeable on the subject matter identified as the area of inquiry; (2) the designating party must designate more than one deponent if necessary in order to respond to the relevant areas of inquiry specified by the party requesting the deposition; (3) the designating party must prepare the witness to testify on matters not only known by the deponent, but those that should be known by the designating party; and (4) the designating party must substitute an appropriate deponent when it becomes apparent that the previous deponent is unable to respond to certain relevant areas of inquiry. <u>Id</u>. § 30.25(3) at 30-68.

Respectfully submitted this <u>18</u> day of November 2022

<div style="float: right">

/s/Mario B. Williams
Mario B. Williams
Ga. Bar No. 235254

</div>

**HDR, LLC**
44 Broad Street, NW, Suite 200
Atlanta, Georgia 30303
(404) 254-0442/ (404) 577-0080 FAX
mwilliams@hdrattorneys.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing

PLAINTIFF'S NOTICE OF 30(b)(6) DEPOSITION OF   DESIGNATED

PERSONS AND DOCUMENT PRODUCTION via email to all counsel of

record.

Respectfully submitted this 18 day of November 2022

/s/Mario B. Williams
Mario B. Williams
Ga. Bar No. 235254

**HDR, LLC**
44 Broad Street, NW, Suite 200
Atlanta, Georgia 30303
(404) 254-0442/ (404) 577-0080 FAX
mwilliams@hdrattorneys.com
*Counsel for Plaintiff*