IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| STANLEY GREEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:20-cv-195 (MTT) |
| ) | |
| Dr. EDWARD HALE BURNSIDE, II, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## ORDER

Plaintiff Stanley Green moves for reconsideration of the Court's June 8, 2023 Order denying him leave to file an out-of-time brief (Doc. 114). Doc. 115.

Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6. Indeed, "reconsideration of a previous order is an extraordinary remedy to be employed sparingly." *Bingham v. Nelson*, 2010 WL 339806 at *1 (M.D. Ga. Jan. 21, 2010) (internal quotation marks and citation omitted). It "is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Id*. "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate his prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived." *McCoy v. Macon Water Authority*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).

The following timeline is helpful and illustrative:

- March 31, 2023: Defendants filed their motions for summary judgment.  Docs. 104; 105; 106.

- April 21, 2023: Green's deadline to respond to the defendants' motions for summary judgment.  M.D. Ga. L.R. 7.2.  At 2:29 P.M., the Courtroom Deputy emailed the parties stating: "Per Judge Treadwell, there will be no extensions for any party as to the briefing schedule on the pending motions."

- April 27, 2023: One of Green's attorneys, David Betts, called the Court to express his apologies for missing the deadline.  During that phone call, Mr. Betts stated the deadline was missed due to a scheduling error in which the due date in counsel's calendar was based on a 30-day deadline, rather than 21 days.  Following that phone call, the Courtroom Deputy emailed the parties stating: "Regarding the recently missed brief deadline, file your brief as soon as possible.  Also file a motion to extend the deadline at which time the Court will issue a ruling."

- May 1, 2023: Mistaken 30-day deadline.

- May 23, 2023: Green filed his statement of material facts and exhibits.  Doc. 109.

- May 25, 2023: Green filed his response to the defendants' statement of material facts.  Doc. 110.

- May 30, 2023: Green filed his response brief and a motion for an extension of time to file an out-of-time brief.  Docs. 111; 112.  In the motion for an extension of time, Green's counsel stated, again, that the lateness was a result of a "fail[ure] to calendar properly the deadline imposed by local rules."  Doc. 111 at 2.

- June 8, 2023: The Court denied Green's motion for leave to file an out-of-time brief.  Doc. 114.  Mr. Betts called the Court, again, after the Order was entered and expressed his concerns.

Green's counsel now provides a *different* reason for the missed deadline—because counsel's "paralegal simply did not calendar the deadline."  Doc. 115 at 1.  But in both the phone call and the motion for an extension of time, Green's counsel stated the deadline was missed because of a mistaken deadline of 30 days.  If anything, Green's counsel's new stated reason for the missed deadline further confirms, as the Court previously held, that the deadline was missed due to inexcusable neglect.  Doc. 114 at 2.

-3-

Because Green has failed to show that the Court's previous order was erroneous, his motion for reconsideration (Doc. 115) is **DENIED**.

**SO ORDERED**, this 22nd day of June, 2023.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT